UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:11:216 |
| | ) | |
| THE TRAP, an Indiana Limited | ) | |
| Liability Corporation | ) | |

**PETITION TO ENTER A PLEA OF GUILTY**

The defendant above named respectfully represents to the Court as follows:

1. The Trap, an Indiana Limited Liability Corporation (hereafter "The Trap"), wishes to enter a plea of guilty to the Information filed simultaneously herewith. Roman Perez acknowledges by his signature below that he is an owner and officer of The Trap who has legal authority to bind the corporation and can therefore serve as its agent in this matter.

2. The Trap is represented by attorney Casey McCloskey.

3. The Trap, through its agent, has received a copy of the Information and has read and discussed it with The Trap's lawyer, and believes and feels that it understands every accusation made against it in this case.

4. The Trap, through its agent, has told its lawyer the facts and surrounding circumstances as known to it concerning the matters in the Information and believes and feels that its lawyer is fully informed as to all such matters. The Trap's lawyer has since informed it and counseled and advised it as to the nature and cause of every accusation against The Trap and as to any possible defenses The Trap might have in this case.

5.  The Trap understands that it has a right to plead not guilty to any offense charged against it, and that under a plea of not guilty the Constitution guarantees The Trap:

(a)  the right to a speedy and public trial by a twelve-person jury of its peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of guilty before The Trap can be convicted;

(b)  the right to see, hear, and cross-examine all the witnesses against it at trial;

(c)  the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses;

(d)  the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be; and

(e)  that in the event The Trap should be found guilty of the charge against it, The Trap would have the right to appeal its conviction on such charge to a higher Court.

The Trap understands that if it pleads guilty, it waives the right to trial by jury and all of the other rights mentioned above.

6.  The Trap understands that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable guideline range for the imposition of a fine against The Trap. The Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines. The Trap understands that the U.S. Sentencing Guidelines are advisory only and that the specific sentence to be imposed upon the Corporation will be determined by the judge after a

consideration of a pre-sentence investigation report, input from counsel for the Corporation and the Government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, The Trap has, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

(a) Defendant The Trap has agreed to plead guilty to Count One of the Information charging the Corporation with a knowing violation of Title 18, United States Code, Section 2320(a). The Trap is pleading guilty to Count One of the Information because The Trap is in fact guilty of this offense. The Trap understands that it has the right to have this felony charge presented to a Grand Jury which would determine whether or not to indict The Trap. After consultation with its counsel, The Trap agrees to waive in open court its right to indictment by a Grand Jury. The Trap also agrees to forfeit the materials seized from its premises on or about December 11, 2009, as alleged in the Forfeiture Allegation of the Information.

(b) The Trap understands that the maximum possible penalty it faces as an organization for its offense in Count 1 of the Information is a fine of up to Five Million Dollars ($5,000,000) and a special assessment of $400.

(c) In consideration of The Trap's plea of guilty to the Information, the following non-binding recommendations to the Court are being made under the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

(1) The Government and The Trap agree to recommend that the Court order The Trap to pay a fine of Ten Thousand Dollars ($10,000) for its commission of the offense set forth in the Information; The Trap agrees to provide to the Government, at or before sentencing of this matter, a Cashier's check in the amount of Ten Thousand Dollars ($10,000) made payable to "Clerk of the U.S. District Court, Northern District of Indiana"; failure by The Trap to provide this payment at or before its sentencing shall be deemed a breach of this plea agreement; and

(2) The Government and The Trap agree to recommend that the Court set a sentencing date 180 days from the date of the plea hearing to provide The Trap with sufficient time to pay the fine amount agreed to herein.

(d) The Government agrees, in exchange for The Trap's guilty plea to Count One of the Information, that no additional charges will be brought against The Trap or any of its employees or agents for conduct relating to the charge in the Information.

(e) As part of this agreement, The Trap and its employees and agents agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives, such designated representatives to include any and all federal, state or local law enforcement agencies, as to their knowledge of, or involvement in, any violation of federal or state law. In this regard, employees and agents of The Trap agree, if requested to do so, to testify truthfully and completely before any grand jury and/or at any future criminal trials.

(f) The Trap has prepared complete and truthful financial statements under oath, on a form provided by the United States Attorney's Office, and understands that the financial statement will be used by the Financial Litigation Unit of the United States Attorney's Office to enforce the sentence of the Court. The Trap further agrees to continue to disclose financial information when requested to do so by either the United States Attorney's Office or the United States Probation Office. Roman Perez, an owner and officer of The Trap, agrees to be responsible for facilitating the collection of any fine payments imposed by the Court and will not delegate the responsibility to another officer or employee of The Trap without notice and permission from the Court.

(g) The Trap further agrees, in the event it is converted from a domestic corporation to another entity under the laws of the State of Indiana, that the financial liabilities imposed in this case remain the liabilities of the surviving entity upon conversion. As long as any fine and/or restitution payments remain outstanding, The Trap agrees to provide the Government with documents reflecting any changes in its corporate structure within fourteen (14) days of the enactment of such changes.

(h) The Trap understands that the law gives a convicted organization the right to appeal the conviction and the sentence imposed; The Trap also understands that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense(s) as set forth in this plea agreement; with this understanding and in consideration of the Government's entry into this plea agreement, The Trap expressly waives its right to appeal or to contest this conviction and sentence or the manner in which the conviction or sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(i) The Trap agrees to waive all rights, whether asserted directly or through a representative, to request or receive from the Untied States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

  (j) The Trap understands that if it violates any of the provisions of this plea agreement, including its continuing obligation to demonstrate acceptance of responsibility, the United States of America may at its option either (1) ask the Court to make a determination that The Trap has breached a term in this agreement in which event The Trap will at sentencing lose the benefit of all the non-binding promises made by the Government in this agreement and The Trap would have no right to withdraw its guilty plea, or (2) the United States of America could seek to have the Court declare this entire plea agreement null and void, in which event The Trap and any of its employees or agents can be prosecuted for the criminal offense set forth in the Information.

  8. In pleading guilty to the charges set forth in the Information, The Trap acknowledges the following facts to be true:

  The Trap began selling clothing, shoes and accessories, among other items and services, in approximately 2007. In December 2009, The Trap location at 2733 Central Avenue in Lake Station, Indiana made available for sale and sold handbags bearing the "Coach" and "Louis Vuitton" names and markings, as well as t-shirts and other apparel bearing the "Ed Hardy" and "Dolce and Gabbana" names and markings, and shoes bearing the "Air Jordan" name and markings. Despite making these goods available for sale and selling them, The Trap was not at that time, and has never been, an authorized dealer of genuine Coach, Louis Vuitton, Ed Hardy, Dolce and Gabbana or Air Jordan accessories or apparel.

  Specifically as to the charge in the Information, The Trap acknowledges that one or more of its employees intentionally trafficked or attempted to traffic in goods, and knowingly used a counterfeit mark on or in connection with such goods, and intentionally trafficked and attempted to traffic in labels, patches, emblems, charms, boxes, containers, hangtags, and packaging of any type and nature, knowing that a counterfeit mark had been applied thereto, the use of which was likely to cause confusion, to cause mistake, and to deceive, and therefore the Trap knowingly violated Title 18, United States Code, Section 2320(a).

  The Trap further acknowledges that it engaged in this conduct for its own commercial advantage despite the clear prohibition on it doing so under federal law.

  9. The Trap believes and feels that its lawyer has done all that anyone could do to counsel it, and understands the proceedings in this case against it.

  10. The Trap offers its plea of guilty freely and voluntarily and of its own accord, and no promises have been made other than those contained in this petition, nor have any threats been

5

made in any way by anyone to cause The Trap to plead guilty in accordance with this petition.

11. The Trap understands and acknowledges that this petition, once filed with the Court, is a public document and available for public viewing.

/s/ Roman Perez
Roman Perez, Owner and Officer
The Trap, an Indiana Limited Liability Corporation


/s/ Casey McCloskey
Mr. Casey McCloskey
Attorney for The Trap


APPROVED:

DAVID A. CAPP
UNITED STATES ATTORNEY


By: /s/ Jill Trumbull-Harris
Jill Trumbull-Harris
Assistant United States Attorney